## First Department, July, 1966

### (July 7, 1966)

■ Wellington Associates, Inc., Respondent, v. Dapin Hotel Corp., Appellant.— Order, entered May 9, 1966, directing a special reference to take the account of a Receiver and to determine other matters, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs or disbursements to any party, to the extent of limiting the reference to the propriety of the Receiver's accounts, proper claims constituting liens against the fund and those listed in the Receiver's accounts, including those, if any, for services rendered, and any surcharges that defendant may be able to establish, and directing the Receiver to withdraw from all purported representations of

* Not published with other decisions of May 9, 1966, 25 A D 2d 855.— [Rep.

defendant in divers litigations. The receivership having been twice vacated by this court (24 A D 2d 736; 24 A D 2d 860) the Receiver has been grossly and inexcusably lax in failing to wind up the matter, as previously directed by this court, and turning back the funds to defendant. It is only the stipulation between plaintiff and defendant with respect to payment of any charges appropriate to the receivership out of the funds in question that suggests there should not be an immediate turnover. However, the proceedings before the Special Referee should be terminated with utmost expedition and the balance of the funds turned over to defendant. If for any reason not due to the fault of the defendant the proceedings cannot be terminated within 20 days after service of the order herein with notice of entry thereof, then the funds should be returned to defendant forthwith by order of the court with appropriate provisions for claims of third parties entitled to recognition, if any. Concur — Breitel, J. P., Rabin, Eager, Steuer and Capozzoli, JJ.